**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000667
27-JUN-2022
09:49 AM
Dkt. 47 SO**

NO. CAAP-20-0000667

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SHECKY CABULIZAN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DCW-20-0000110)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Shecky Cabulizan (**Cabulizan**)
appeals from the District Court of the Third Circuit, South
Kohala Division's (**district court**) October 20, 2020 Judgment and
Notice of Entry of Judgment (**Judgment**),[1] convicting him of
Negligent Failure to Control a Dangerous Dog, in violation of
Hawaiʻi County Code (**HCC**) § 4-31(a)(2) (2016).[2]

---

[1]  The Honorable Mahilani E.K. Hiatt presided.

[2]  HCC § 4-31(a)(2) provides:

> (a)  A dog owner commits the offense of negligent failure
> to control a dangerous dog, if the person negligently
> fails to take reasonable measures to prevent the dog
> from attacking, without provocation, a person or
> animal and such attack results in:
>
> . . . .
>
> (2) Bodily injury to a person.

On appeal, Cabulizan does not challenge the sufficiency of the evidence as to the elements set forth in HCC § 4-31(a)(2), but challenges the sufficiency of the evidence as to his state of mind - that he acted negligently. He asserts there was no evidence that he "was aware of a substantial and unjustifiable risk that Mauka was a dangerous dog as defined by HCC § 431-1(g)" or had bitten anyone else before, and that the complaining witness failed to explain what she meant when she said she previously saw the dog act "aggressively."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm the Judgment for the following reasons.

During trial, the complaining witness testified that she was walking at the end of her driveway turning onto the street when three dogs from Cabulizan's property charged towards her. They surrounded her and barked aggressively. When she turned to leave, one of the dogs bit the back of her left thigh, leaving two puncture wounds. The complaining witness further testified that she saw these dogs act aggressively before and has seen them loose in the area "too many [times] to count." Conversely, Cabulizan testified that his dogs never attacked anyone, were not aggressive, and he never received complaints that they were loose.

In a sufficiency of the evidence challenge, we consider the evidence in the strongest light for the prosecution; "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to

support the conclusion of the trier of fact."  State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (citation omitted).  "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Id. at 158, 166 P.3d at 331 (citation and brackets omitted).

"A dog owner commits the offense of negligent failure to control a dangerous dog, if the person negligently fails to take reasonable measures to prevent the dog from attacking, without provocation, a person or animal and such attack results in: . . . [b]odily injury to a person."  HCC § 4-31(a)(2).  A dangerous dog is one that, "without provocation, attacks a person or animal," and attack means "aggressive physical contact with a person or animal initiated by the dog which may include, but is not limited to, the dog jumping on, leaping at, or biting a person or animal."  HCC § 4-1(d) and (g) (2016).

In addition, "reasonable measures to prevent the dog from attacking" includes measures required "to prevent the dog from becoming a stray[.]"  HCC § 4-31(b)(1) (2016).  A "stray" is, inter alia, "[a]ny dog on a public street, on public or private school grounds, or in any other public place, except when under the control of the owner by leash, cord, chain or other similar means of physical restraint[.]"  HCC § 4-1(r)(3) (2016).

Finally, as to state of mind, HCC provides that "negligently" means the same as it does in Hawaii Revised

3

Statutes (**HRS**) § 702-206 (2014).[3] HCC § 4-1(k) (2016). Negligence, however, "does not involve a state of awareness on the part of the defendant," but rather, "the inadvertent creation by the defendant of a risk of which the defendant would have been aware had the defendant not deviated grossly from the standard of care that a law-abiding person would have observed in the same situation." HRS § 702-206 cmt.

In State v. MacDonald, 120 Hawaiʻi 48, 200 P.3d 417, No. 28793, 2009 WL 245436 at *5 (App. Jan. 30, 2009) (mem.), this court considered two separate biting incidents involving the same dog, and held that there was no substantial evidence that the owner was negligent as to the first incident because the dog was in a place where it was allowed to be off a leash, the dog had never bitten anybody before, and the biting incidents "took place suddenly, unexpectedly, and in close succession." The subsequent incident occurred when the defendant was walking the dog on a four-foot leash and it turned and bit a pedestrian. Id. The

---

[3] HRS § 702-206(4) defines "negligently" as follows:

    (a)    A person acts negligently with respect to his conduct when he should be aware of a substantial and unjustifiable risk taken that the person's conduct is of the specified nature.

    (b)    A person acts negligently with respect to attendant circumstances when he should be aware of a substantial and unjustifiable risk that such circumstances exist.

    (c)    A person acts negligently with respect to a result of his conduct when he should be aware of a substantial and unjustifiable risk that his conduct will cause such a result.

    (d)    A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

court held that the owner was negligent for failing to take reasonable measures to prevent a subsequent biting incident, such as muzzling the dog. Id. at *6. We further noted that the ordinance in that case, Revised Ordinances of Honolulu (**ROH**) § 7-7.2,[4] which is nearly identical to HCC § 4-31(a)(2), does not require proof that the dog had previously bitten a person. Id. at *5.

In State v. Hironaka, 144 Hawaiʻi 391, 442 P.3d 454, No. CAAP-18-0000404, 2019 WL 2366370 at *3 (App. June 5, 2019) (SDO), this court held that there was no substantial evidence to support a finding of negligence because "[t]here was no evidence that [the dog] had previously run out of the house unrestrained," or that the owner "was, or should have been, aware of violent tendencies or other circumstances that would have caused a law-abiding person to take additional steps to restrain their dog."

Like the second incident in MacDonald, and unlike the circumstances in Hironaka, there was evidence that Cabulizan's dogs escaped his property unrestrained on numerous occasions, which would have caused a law-abiding person to take steps to prevent the dog from becoming a stray. Indeed, testimony that the dogs have escaped "too many [times] to count," taken with the fact that three dogs escaped at the same time, suggests that

---

[4] ROH § 7-7.2(a) (1990 & Supp. No. 12, 2-08) provides, in relevant part:

> A dog owner commits the offense of negligent failure to control a dangerous dog, if the owner negligently fails to take reasonable measures to prevent the dog from attacking, without provocation, a person or animal and such attack results in: (1) the maiming or causing of serious injury to or the destruction of an animal or (2) bodily injury to a person other than the owner.

5

Cabulizan's measures to keep the dogs from escaping were inadequate.

Based on the numerous escapes, the district court could reasonably infer that Cabulizan should have been aware there was a substantial and unjustifiable risk that his dogs, while stray, could jump on, leap on, or bite a person encountered. See State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (explaining that "given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient") (cleaned up).  Thus, considered in the strongest light for the prosecution, we hold that there was sufficient evidence of Cabulizan's negligent state of mind to support the conviction.  Matavale, 115 Hawaiʻi at 157-58, 166 P.3d at 330-31.

THEREFORE, we affirm the district court's October 20, 2020 Judgment and Notice of Entry of Judgment.

DATED:  Honolulu, Hawaiʻi, June 27, 2022.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge